IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR ABFC ASSET-BACKED CERTIFICATES, SERIES 2003-OPT1, | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-CV-1118-O |
| KENNETH J. WATERS, JIMMY A. WATERS, DONALD R. WATERS, DAVID E. WATERS, | § § § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT KENNETH J. WATERS

Pending before the Court is the Motion for Summary Judgment as to Defendant Kenneth J. Waters[1] ("Defendant") [doc. 18], filed by Wells Fargo Bank, National Association, as Trustee for ABFC Asset-Backed Certificates, Series 2003-OPT1 ("Wells Fargo" or "Plaintiff") on February 16, 2022. On October 5, 2021, Plaintiff filed a Complaint seeking a declaratory judgment to establish a statutory probate lien and to foreclose on real property located at 5505 Waits Avenue, Fort Worth, Texas 76133 ("Property") and declaring that Plaintiff is (1) the owner and holder of the Note, beneficiary of the Security Instrument, (2) a mortgagee as that term is defined under the Texas Property Code, and (3) authorized to enforce the power of sale in the Security Instrument.

---

[1] The Court notes that, on December 3, 2021, Plaintiff filed a Motion for Default Judgment against the other Defendants, David E. Waters, Donald R. Waters, and Jimmy A. Waters. The undersigned, on January 24, 2022, issued a Findings, Conclusions, and Recommendation recommending that the District Court grant Plaintiff's Motion for Default Judgment. The Court also notes that Plaintiff filed an executed summons indicating that Defendant Kenneth J. Waters was properly served on October 11, 2021 [doc. 8]. Defendant Kenneth J. Waters filed an affidavit as an Answer on November 1, 2021 [doc. 9].

1

In its motion for summary judgment, Plaintiff seeks an order that there was a default under the terms of the Loan Agreement, as defined below, and that Plaintiff has authority and standing and the authority to proceed with foreclosure on the Property.

## I. BACKGROUND

On or about April 14, 2003, Decedent Ann Waters ("Borrower" or "Decedent") executed a Texas Home Equity Note in the principal amount of $78,400, bearing interest at the initial rate of 9.790% (the "Note"), originally payable to Alpha Mortgage U.S.A., Inc. ("Alpha") as lender on a loan secured by the Property. (Plaintiff's Brief in Support of Its Motion for Summary Judgment Against Defendant Kenneth J. Waters ("Pl.'s Br.") at 2; *see* Plaintiff's Appendix in Support of Plaintiff's Motion for Summary Judgment ("Pl.'s App.") at 7-13.) Concurrently with the execution of the Note, Decedent executed a Texas Home Equity Security Instrument ("Security Instrument" and together with the Note, "Loan Agreement"), as grantors, granting Alpha, its successors and assigns, a security interest in the Property and improvements. (Pl.'s Br. at 2; *see* Pl.'s App. at 15-29.) The Security Interest was recorded on May 12, 2003 in the official public records of Tarrant County, Texas. (Pl.'s Br. at 2; *see* Pl.'s App. at 29.) Subsequently, the Loan Agreement was assigned and transferred to Option One Mortgage Corporation, its successors and assigns, and then to Plaintiff. (Pl.'s Br. at 3; *see* Pl.'s App. at 31-32, 34-35.) Both assignments were properly recorded. (Pl.'s Br. at 3; *see* Pl.'s App. at 31-32, 34-35.) Plaintiff alleges that it is the current holder and owner of the Note, the beneficiary of the Security Instrument, and mortgagee of the Loan Agreement, as defined by Texas Property Code § 51.0001(4). (Pl.'s Br. at 3.)

Under the terms of the Loan Agreement, Borrower was required to pay principal and interest on the debt evidenced by the Note when due, as well as any applicable charges and fees due under the Note. (Pl.'s Br. at 3.) The Loan Agreement further provides that, should Borrower

2

fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, then the lender may enforce the Deed of Trust by selling the Property pursuant to applicable law and in accordance with the provisions set out in the Loan Agreement. (Pl.'s Br. at 3-4.)

Decedent died on July 26, 2014, allegedly leaving four children: Kenneth J. Waters, Jimmy A. Waters, Donald R. Waters, and Robert E. Waters. (Pl.'s Br. at 4.) Robert E. Waters predeceased Borrower and has one surviving decedent, David E. Waters. (*Id.*) In accordance with Texas Estates Code 101.001(b) and 101.051, Decedent's heirs, including Defendant Kenneth J. Waters, acquired an interest in the Property immediately upon Decedent's death, subject to the Loan Agreement debt owed to Plaintiff.

The Loan Agreement is currently due for the September 1, 2016 payment and all subsequent monthly payments. (*Id.*) On June 3, 2021, Notice of Default was sent via certified mail to the Borrower at the Property's address in accordance with the Loan Agreement and the Texas Property Code. (Pl.'s Br. at 4; *see* Pl.'s App. at 37-43.) When the default was not cured, maturity of the debt was accelerated and notice of such acceleration was sent via certified mail to Borrower and Defendant Kenneth J. Waters at the Property's address. (Pl.'s Br. at 4; *see* Pl.'s App. at 45-49.)

## II. RELEVANT LAW AND ANALYSIS

When the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is appropriate. Fed. R. Civ. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law." *Anderson v.*

3

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the Court is required to consider only the cited materials, it may consider other materials in the record. *See* Fed. R. Civ. P. 56(c)(3). Nevertheless, Federal Rule of Civil Procedure ("Rule") 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992). Parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citation omitted).

In evaluating whether summary judgment is appropriate, the Court "views 'the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor.'" *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (quoting *Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005)). "After the non-movant has been given the opportunity to raise a genuine factual [dispute], if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). However, "'if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor.'" *Woodberry v. Dallas Area Rapid Transit*, No. 3:14-CV-03980-L, 2017 WL 840976, at *3 (N.D. Tex. Mar. 3, 2017) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). "Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment." *Woodberry*, 2017 WL 840976, at *3 (citing *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996)). "Unsubstantiated assertions,

4

improbable inferences, and unsupported speculation are not competent summary judgment evidence." *Woodberry*, 2017 WL 840976, at *3.

Having carefully considered the motion and the summary judgment evidence, and noting that Defendant Kenneth J. Waters wholly failed to file a response, the Court finds, concludes and recommends **that Plaintiff's motion be granted for the reasons stated therein and that the District Court Judge enter the proposed Order that was submitted to the Court by Plaintiff [doc. 18-1]**.

Specifically, the Court finds that Plaintiff is entitled to summary judgment allowing it to proceed with foreclosure against the Property because, even when viewing the evidence in the light most favorable to Defendant, Plaintiff has met its burden of proof by presenting evidence of the following: (1) there is a default on the loan agreement as a debt exists that was secured by a lien created under Texas law, the Defendant, as an heir to the Borrower, is in default and the Borrower has been properly served with notice of default and acceleration; (2) Plaintiff is entitled to proceed with foreclosure against the Property in accordance with the Loan Agreement and the Texas Property Code because Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument; (3) Plaintiff is entitled to reasonable and necessary attorney's fees against Defendants pursuant to the terms of the loan documents executed by Borrower; and (4) Plaintiff is entitled to judgment declaring that the following are secured by the Security Instrument on the property: (a) the outstanding balance of the Note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of the court. Moreover, even after been given the opportunity to raise a genuine factual dispute, Defendant failed to do so. Consequently, the Court finds that Plaintiff's motion for summary judgment should be **GRANTED**.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to an action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation ("FCR") within fourteen (14) days after the party has been served with a copy of such FCR. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **May 6, 2022** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket for the United States District Judge.

SIGNED April 22, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE